MEMORANDUM OPINION

 

No. 04-10-00102-CR

 

Abraham Alfonso CAMACHO,

Appellant

 

v.

 

The STATE of
Texas,

Appellee

 

From the 144th
Judicial District Court, Bexar County, Texas

Trial Court No. 2009-CR-8752W

Honorable Fred
Shannon, Judge Presiding

 

PER CURIAM

 

Sitting:            Rebecca Simmons,
Justice

                        Steven
C. Hilbig, Justice

                        Marialyn
Barnard, Justice

 

Delivered and
Filed:   July 7, 2010

 

DISMISSED

 

On
May 11, 2010, we notified Appellant that the trial court’s certification in
this appeal states that “this criminal case is a plea-bargain case, and the
defendant has NO right of appeal.”  Additionally, the clerk’s record contained
a written waiver signed by the appellant pursuant to which he entered a plea of
no contest.  The trial court’s judgment also reflected that there was a plea
bargain agreement, and the punishment assessed did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant; therefore, the
trial court’s certification accurately reflected that the criminal case is a
plea-bargain case.  See Tex. R.
App. P. 25.2(a)(2). 

Rule
25.2(d) of the Texas Rules of Appellate Procedure provides, “The appeal must be
dismissed if a certification that shows the defendant has a right of appeal has
not been made part of the record under these rules.”  Tex. R. App. P. 25.2(d).  We, therefore, ordered that this
appeal would be dismissed pursuant to rule 25.2(d) of the Texas Rules of
Appellate Procedure unless appellant caused an amended trial court
certification to be filed by May 24, 2010, showing appellant has the right of
appeal.  See Tex. R. App. P.
25.2(d); 37.1; see also Dears v. State, 154 S.W.3d 610 (Tex. Crim. App.
2005); Daniels v. State, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no
pet.).  No response has been received by this court.  We, therefore, dismiss
this appeal in accordance with Rule 25.2(d) of the Texas Rules of Appellate
Procedure.

 

PER
CURIAM

DO NOT PUBLISH